IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| WATERS CORPORATION AND WATERS TECHNOLOGIES CORPORATION,<br><br>Plaintiffs,<br><br>v.<br><br>AGILENT TECHNOLOGIES INC.,<br><br>Defendant. | Civil Action No. 18-1450-MN |

**PLAINTIFFS' MOTION FOR LEAVE TO FILE A SUR-REPLY IN OPPOSITION TO AGILENT'S MOTION TO DISMISS OR, IN THE ALTERNATIVE, TO TRANSFER**

Waters Corporation and Waters Technologies Corporation (collectively, "Waters" or "Plaintiffs") respectfully move this Court for leave to file a sur-reply in opposition to Defendant Agilent Technologies Inc.'s ("Agilent" or "Defendant") motion to dismiss under Rule 12(b)(1) of the Federal Rules of Civil Procedure for lack of subject matter jurisdiction. *See* D.I. 30, 31 at 8-11.

On September 18, 2018, Waters filed a complaint ("Complaint") in this District for patent infringement against Agilent for both direct and indirect infringement of U.S. Patent No. 9,658,234 ("the '234 Patent") and declaratory judgment with respect to Agilent's impending direct sales of ProZyme's InstantPC product. (D.I. 1). On October 5, 2018, Waters moved for a preliminary injunction against Agilent. (D.I. 7, 8). That motion is fully briefed and was heard on December 21, 2018.

On November 16, 2018, Agilent filed a motion to dismiss this case under Rule 12(b)(1) for lack of declaratory judgment jurisdiction (disregarding the fact that the Complaint also alleged jurisdiction for present infringement and inducement of infringement), or in the

alternative to transfer this case under 28 U.S.C. § 1404(a) to the United States District Court for the Northern District of California.  (D.I. 30, 31).  Waters opposed Agilent's motion on December 7, 2018 (D.I. 33), and Agilent filed a reply brief on December 14, 2018.  (D.I. 35).

In its reply in support of its motion, Agilent made a new argument by characterizing its attack on jurisdiction as a facial attack and asking the Court to disregard evidence properly provided by Waters with its opposition.  Waters' proposed sur-reply (i) demonstrates that aspects of Agilent's attack on jurisdiction are actually factual in nature, (ii) provides case law supporting the consideration of the challenged evidence, and (iii) explains that even without such evidence the Complaint is more than sufficient to survive the jurisdictional challenge.

Local Rule 7.1.2 provides that parties may submit additional papers after briefing is complete with the Court's approval.  "A Court may grant leave to file a sur-reply if it responds to new evidence, facts, or arguments."  *St. Clair Intellectual Prop. Consultants, Inc. v. Samsung Elecs. Co.*, 291 F.R.D. 75, 80 (D. Del. 2013) (citing *Belden Techs., Inc. v. LS Corp.*, 2010 WL 11205228, at *3 (D. Del. July 14, 2010)); *see also Davis, v. Ace Hardware Corp.*, 2014 WL 2990329, at * 1 n.1 (D. Del. July 2, 2014).  Thus, the Court may allow Waters to file a sur-reply to rebut Agilent's new argument and to more fully evaluate the merits of Agilent's motion to dismiss.  *Id*. ("The Court concludes that Plaintiff's sur-reply will allow the Court to more fully and fairly evaluate Defendants' pending motion to dismiss.").

Accordingly, based on the foregoing, Waters respectfully requests leave to file a 5-page sur-reply to Agilent's reply.  Waters' proposed sur-reply is attached hereto as Exhibit A.  In accordance with D. Del. LR 7.1.1, on December 27, 2018, counsel for Waters contacted counsel for Agilent in a reasonable effort to reach agreement regarding the matters set forth in this motion.  A telephonic meet and confer was held on January 2, 2019, including Delaware counsel

for both sides, but the parties were unable to reach agreement.

<table>
<tr><td>

Dated: January 2, 2019

**OF COUNSEL:**

Matthew M. Wolf
David McMullen, Ph.D.
**ARNOLD & PORTER KAYE SCHOLER LLP**
601 Massachusetts Ave., NW
Washington, DC 20001
Telephone: (202) 942-5000
Matthew.Wolf@arnoldporter.com
David.McMullen@arnoldporter.com

Jennifer A. Sklenar
**ARNOLD & PORTER KAYE SCHOLER LLP**
777 South Figueroa St., 44th Floor
Los Angeles, CA 90015
Telephone: (213) 243-4000
Jennifer.Sklenar@arnoldporter.com

</td><td>

**YOUNG CONAWAY STARGATT & TAYLOR LLP**

*/s/ Karen L. Pascale*
Karen L. Pascale (#2903) [kpascale@ycst.com]
Robert M. Vrana (#5666) [rvrana@ycst.com]
Rodney Square
1000 North King Street
Wilmington, DE 19801
Telephone: (302) 571-6600

*Attorneys for Plaintiffs Waters Corporation and Waters Technologies Corporation*

</td></tr>
</table>

01:24002120.1

3

**CERTIFICATE OF SERVICE**

I, Karen L. Pascale, Esquire, hereby certify that on January 2, 2019, I caused to be electronically filed a true and correct copy of the foregoing document with the Clerk of the Court using CM/ECF (which will send notification that such filing is available for viewing and downloading to all registered counsel), and in addition caused true and correct copies of the foregoing document to be served upon the following counsel of record by electronic mail:

*Attorneys for Defendant Agilent Technologies, Inc.:*

| | |
|---|---|
| Chad M. Shandler | shandler@rlf.com |
| Travis S. Hunter | hunter@rlf.com |
| **RICHARDS LAYTON & FINGER, P.A.** | |
| One Rodney Square | |
| 920 North King Street | |
| Wilmington, Delaware 19801 | |
| | |
| Anne Elise Herold Li | ali@crowell.com |
| James K. Stronski | jstronski@crowell.com |
| **CROWELL & MORING LLP** | |
| 590 Madison Avenue, 20th Floor | |
| NewYork, NY 10022-2524 | |
| | |
| Mark T. Jansen | mjansen@crowell.com |
| Molly A. Jones | mojones@crowell.com |
| **CROWELL & MORING LLP** | |
| 3 Embarcadero Center, 26th Floor | |
| San Francisco, CA 94111 | |

**YOUNG CONAWAY STARGATT & TAYLOR, LLP**

*/s/ Karen L. Pascale*

January 2, 2019

Karen L. Pascale (No. 2903) *[kpascale@ycst.com]*
Robert M. Vrana (#5666) *[rvrana@ycst.com]*
Rodney Square
1000 North King Street
Wilmington, Delaware 19801
Telephone:  302-571-6600

*Attorneys for Plaintiffs, Waters Corporation and Waters Technologies Corporation*