# EXHIBIT A

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

|  |  |
|---|---|
| WATERS CORPORATION AND WATERS TECHNOLOGIES CORPORATION,<br><br>Plaintiffs,<br><br>v.<br><br>AGILENT TECHNOLOGIES INC.,<br><br>Defendant. | )<br>)<br>)<br>)<br>)<br>)  Civil Action No. 18-1450-MN<br>)<br>)<br>)<br>)<br>) |

## PLAINTIFFS' SUR-REPLY IN OPPOSITION TO AGILENT'S
## MOTION TO DISMISS OR, IN THE ALTERNATIVE, TO TRANSFER

*Of Counsel:*

Matthew M. Wolf
David McMullen, Ph.D.
**ARNOLD & PORTER KAYE SCHOLER LLP**
601 Massachusetts Ave., NW
Washington, DC 20001-3743
Telephone: (202) 942-5000
Matthew.Wolf@arnoldporter.com
David.McMullen@arnoldporter.com

Jennifer A. Sklenar
**ARNOLD & PORTER KAYE SCHOLER LLP**
777 South Figueroa St., 44th Floor
Los Angeles, CA 90015
Telephone: (213) 243-4000
Jennifer.Sklenar@arnoldporter.com

Karen L. Pascale (#2903)
Robert M. Vrana (#5666)
**YOUNG CONAWAY STARGATT & TAYLOR LLP**
Rodney Square
1000 North King Street
Wilmington, DE 19801
Telephone: (302) 571-6600
kpascale@ycst.com
rvrana@ycst.com

*Attorneys for Plaintiffs*

January 2, 2019

## TABLE OF CONTENTS

**Page**

I.    INTRODUCTION ................................................................................................................1

II.    ARGUMENT .....................................................................................................................1

    A.    The Court May Consider Evidence Outside of the Pleadings Because Agilent's Challenge Is Factual in Nature ....................................................1

    B.    Waters' Intrinsic Evidence Is Enough to Survive a Rule 12(b)(1) Challenge Because the Factual Allegations in ihe Complaint Raise a Right to Relief Above the Speculative Level.........................................................4

i

# **TABLE OF AUTHORITIES**

**Page(s)**

**Cases**

*Bell Atl. Corp. v. Twombly*,
   550 U.S. 544 (2007)......................................................................................................................4

*Constitution Party of Pennsylvania v. Aichele*,
   757 F.3d 347 (3d Cir. 2014).....................................................................................................2, 3

*Elkins v. Elkins*,
   Civ. No. 09-582-P-H, 2010 WL 2301152 (D. Me. 2010)............................................................3

*Genentech, Inc. v. Amgen Inc.*,
   310 F. Supp. 3d 467 (D. Del. 2018).............................................................................................3

*Gould Elecs. Inc. v. United States*,
   220 F.3d 169 (3d Cir.2000).....................................................................................................2, 3

*In re Schering Plough Corp. Intron*,
   678 F.3d 235 (3d Cir. 2012).........................................................................................................2

*Scott v. Vantage Corp.*,
   336 F. Supp. 3d 366 (D. Del. 2018).........................................................................................2, 3

**Statutes**

35 U.S.C. § 271(a) .............................................................................................................................4

35 U.S.C. § 271(b) ........................................................................................................................4, 5

I.  **INTRODUCTION**

Waters submits this sur-reply to respond to Agilent's argument that Waters has improperly relied upon materials outside of the Complaint in opposing Agilent's motion to dismiss. As explained below, because Agilent has made a factual attack on allegations in the Complaint, the Court may consider the additional evidence relied upon by Waters in its opposition brief. Regardless, even if the Court were to disregard those materials, the Complaint is more than sufficient to plead direct infringement, induced infringement, as well as declaratory judgment jurisdiction. Agilent's motion should therefore be denied.

II.  **ARGUMENT**

A.  **The Court May Consider Evidence Outside of the Pleadings Because Agilent's Challenge Is Factual in Nature**

Agilent seeks to dismiss this case under Rule 12(b)(1) of the Federal Rules of Civil Procedure. *See* D.I. 30, 31 at 8-11. In its reply in support of its motion, Agilent alleges that "[i]n an effort to bolster its deficient complaint . . . Waters has improperly submitted a volume of evidence outside of the Complaint, e.g. in the declaration submitted with the opposition, and has made numerous *factual allegations* in its Opposition that were not pled in the Complaint. As examples, Waters submitted evidence from ProZyme's and Agilent's websites, and information from conferences." D.I. 35 at 2 (emphasis added). In essence, Agilent alleges that the factual evidence provided with Waters' Opposition to Agilent's motion to dismiss or transfer is improper and should not be considered by the Court in deciding the motion. Agilent is wrong. While Waters' Complaint is facially sufficient and resort to any additional materials is unnecessary to resolve Agilent's motion to dismiss, the *factual* evidence provided with Waters' Opposition may be considered by the Court in ruling on Agilent's motion because such materials were submitted in response to factual attacks on the Complaint.

In determining what materials may be considered to resolve a Rule 12(b)(1) motion, "[a] district court has to first determine . . . whether a Rule 12(b)(1) motion presents a 'facial' attack or a 'factual' attack on the claim at issue, because that distinction determines how the pleading must be reviewed. *Constitution Party of Pennsylvania v. Aichele*, 757 F.3d 347, 357–58 (3d Cir. 2014) (citing *In re Schering Plough Corp. Intron*, 678 F.3d 235, 243 (3d Cir. 2012)). "A facial attack, as the adjective indicates, is an argument that considers a claim on its face and asserts that it is insufficient to invoke the subject matter jurisdiction of the court because, for example, it does not present a question of federal law, or because there is no indication of a diversity of citizenship among the parties, or because some other jurisdictional defect is present." *Constitution Party*, 757 F.3d at 358.

In reviewing a facial attack, "the court must only consider the allegations of the complaint and documents referenced therein and attached thereto, in the light most favorable to the plaintiff." *In re Schering Plough Corp.*, 678 F.3d at 243 (quoting *Gould Elecs. Inc. v. United States*, 220 F.3d 169, 176 (3d Cir.2000)) (internal quotation marks omitted). Thus, a facial attack calls for a district court to apply the same standard of review it would use in considering a motion to dismiss under Rule 12(b)(6), *i.e.*, construing the alleged facts in favor of the nonmoving party. *See Constitution Party*, 757 F.3d at 358. But, the "standard for surviving a Rule 12(b)(1) motion is lower than that for a Rule 12(b)(6) motion. *Gould Elecs.*, 220 F.3d at 178, *holding modified by Simon v. United States*, 341 F.3d 193 (3d Cir. 2003). Indeed, "[d]ismissal for a facial challenge to jurisdiction is proper only when the claim clearly appears to be immaterial and made solely for the purpose of obtaining jurisdiction or is wholly insubstantial and frivolous." *Scott v. Vantage Corp.*, 336 F. Supp. 3d 366 (D. Del. 2018) (internal quotation marks omitted).

"A factual attack, on the other hand, is an argument that there is no subject matter jurisdiction because the facts of the case ... do not support the asserted jurisdiction." *Constitution Party*, 757 F.3d at 358. Importantly here and contrary to Agilent's allegation, to resolve a factual challenge, the "[c]ourt may look beyond the pleadings to ascertain the facts[.]" *Id.*; *Genentech, Inc. v. Amgen Inc.*, 310 F. Supp. 3d 467, 469 (D. Del. 2018) ("In contrast [to a facial attack], when reviewing a factual attack, the court may weigh and consider evidence outside the pleadings.") (citing *Gould Elecs.*, 220 F.3d at 176); *Scott*, 336 F. Supp. 3d at 366 ("Where there is a factual attack, the court is not confined to the allegations in the complaint, but may consider affidavits, depositions, and testimony to resolve factual issues bearing on jurisdiction."); *Elkins v. Elkins*, Civ. No. 09-582-P-H, 2010 WL 2301152, *3 (D. Me. 2010) ("The court is free to consider extrinsic evidence in determining subject matter jurisdiction, whether that evidence is introduced by the plaintiff or by the defendant.").

Here, Agilent's argument in support of its motion to dismiss includes factual attacks of the allegations in the Complaint. Among other things, Agilent denied that it "has done any of the infringing activities alleged in the Complaint." *See generally* D.I. 31 at 2. Agilent also suggested that it is an open question whether it is integrating ProZyme. *See id.* at 3. ("The Complaint is generally directed to what non-party ProZyme is currently doing or has done and/or ***what Agilent may at some future, unspecified point if and when it integrates ProZyme***.") Thus, Waters submitted additional evidence that Agilent itself has induced infringement of the '234 Patent and that Agilent is in fact rapidly integrating ProZyme, as it indicated that it would do to commence directly selling the accused InstantPC. *See* D.I. 33, 2-9. Because these aspects of Agilent's motion ultimately challenge the truth of Waters' allegations and materials submitted with the Complaint, the Court may look beyond the pleadings to extrinsic evidence to ascertain

the facts. Notably, the factual evidence provided in Waters' Opposition merely confirm the allegations in the Complaint and do expand the scope of the original pleadings.

### B. Waters' Intrinsic Evidence Is Enough to Survive a Rule 12(b)(1) Challenge Because the Factual Allegations in the Complaint Raise a Right to Relief Above the Speculative Level

Contrary to Agilent's allegation, Waters pled sufficient facts to satisfy the requirements of Rule 8 of the Federal Rules of Civil Procedure. The factual allegations do not have to be detailed, but they must provide more than labels, conclusions, or a "formulaic recitation" of the claim elements. *Amgen Inc. v. Hospira*, Inc., No. CV 15-839-RGA, 2016 WL 4183748, at *1 (D. Del. Aug. 5, 2016) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555-56 (2007) ("Factual allegations must be enough to raise a right to relief above the speculative level ... on the assumption that all the allegations in the complaint are true (even if doubtful in fact)."). Here, the factual allegations of Waters' Complaint are more than enough to survive Agilent's Rule 12(b)(1) challenge.

Waters' Complaint alleges that "Agilent has directly infringed and/or will directly infringe, at least claims 1, 6, and 15 of the '234 Patent in violation of 35 U.S.C. § 271(a)." D.I. 1 ¶ 36. To support its pleading, Waters provided an element by element breakdown of the infringed claims against the accused product, InstantPC. *See id*. at ¶¶ 34-39. The allegations and referenced exhibits also confirm that Agilent has completed its acquisition of ProZyme, has commenced integration of ProZyme into Agilent, and intends to directly sell the accused InstantPC once the integration is completed. *See id.* at ¶¶ 20-21, D.I. 1-1, Exs. B, C.

Waters further alleges that "Agilent has actively induced and/or will actively induce others to infringe at least claims 1, 6, and 15 of the '234 patent in violation of 35 U.S.C. § 271(b) by causing, instructing, urging, encouraging, and/or aiding others to directly infringe at least claims 1, 6, and 15 of the '234 patent by making, using, offering to sell, selling, and/or importing

in and into the United States the infringing InstantPC reagent, as detailed above." *Id.* at ¶ 40. "Agilent's active inducement has included and/or will include, for example and without limitation, marketing, selling, and offering to sell the InstantPC reagent, providing instructions on how to use the InstantPC reagent, selling instrumentation or devices for use with the InstantPC reagent, and promoting the use of the InstantPC reagent." *Id.* "For example, Agilent has encouraged and/or will encourage customers including scientists, researchers, and healthcare professional to use the InstantPC reagent by means of marketing materials and videos." *Id.* "Agilent also has instructed and/or will instruct customers on how to use the InstantPC reagent by means of product manuals." *Id.* "Selected product guides and manuals describing the structure and use of the InstantPC reagent are attached as Exhibits E-F and show that Agilent has encouraged and/or will encourage its customers to infringe the '234 Patent." *Id.* The facts in Exhibits E and F confirm that InstantPC infringes at least claim 1 and use of InstantPC infringes at least claims 6 and 15.

     Based on the above, it is more than plausible that Agilent (1) is currently directly infringing or will imminently be directly infringing the '234 Patent once its integration of ProZyme is complete and (2) is currently inducing infringement of the '234 Patent. Thus, even if Agilent's 12(b)(1) challenge were solely a facial attack (it is not), the facts provided in Waters Complaint alone are more than sufficient. Accordingly, Agilent's motion to dismiss should be denied.

| | |
|---|---|
| Dated:  January 2, 2019 | **YOUNG CONAWAY STARGATT & TAYLOR LLP** |
| **OF COUNSEL:** | */s/ Karen L. Pascale* |
| | Karen L. Pascale (#2903) [kpascale@ycst.com] |
| Matthew M. Wolf | Robert M. Vrana (#5666) [rvrana@ycst.com] |
| David McMullen, Ph.D. | Rodney Square |
| **ARNOLD & PORTER KAYE SCHOLER LLP** | 1000 North King Street |
| 601 Massachusetts Ave., NW | Wilmington, DE 19801 |
| Washington, DC 20001 | Telephone:  (302) 571-6600 |
| Telephone: (202) 942-5000 | |
| Matthew.Wolf@arnoldporter.com | *Attorneys for Plaintiffs Waters Corporation and* |
| David.McMullen@arnoldporter.com | *Waters Technologies Corporation* |
| | |
| Jennifer A. Sklenar | |
| **ARNOLD & PORTER KAYE SCHOLER LLP** | |
| 777 South Figueroa St., 44th Floor | |
| Los Angeles, CA 90015 | |
| Telephone: (213) 243-4000 | |
| Jennifer.Sklenar@arnoldporter.com | |