# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| WATERS CORPORATION AND WATERS TECHNOLOGIES CORPORATION,<br><br>Plaintiffs,<br><br>v.<br><br>AGILENT TECHNOLOGIES INC.,<br><br>Defendant. | Civil Action No. 18-1450-MN |

**PLAINTIFFS' RESPONSIVE LETTER TO THE HONORABLE MARYELLEN NOREIKA REGARDING AGILENT'S REQUEST FOR LEAVE TO FILE AN EARLY SUMMARY JUDGMENT MOTION**

*Of Counsel:*

Matthew M. Wolf
Jennifer A. Sklenar*
David McMullen, Ph.D.
Victoria L. Reines**
**ARNOLD & PORTER KAYE SCHOLER LLP**
601 Massachusetts Ave., NW
Washington, DC 20001-3743
Telephone: (202) 942-5000

Jeffrey A. Miller
**ARNOLD & PORTER KAYE SCHOLER LLP**
3000 El Camino Real
5 Palo Alto Square, Suite 500
Palo Alto, CA 94306
Telephone: (650) 319-4500

*Admitted in NY and CA only; practice limited to matters before federal courts and federal agencies

**Admitted only in New York; practicing law in the District of Columbia during the pendency of her application for admission to the D.C. Bar and under the supervision of lawyers of the firm who are members in good standing of the D.C. Bar.

Karen L. Pascale (#2903)
Robert M. Vrana (#5666)
**YOUNG CONAWAY STARGATT & TAYLOR LLP**
Rodney Square
1000 North King Street
Wilmington, DE 19801
Telephone: (302) 571-6600
kpascale@ycst.com
rvrana@ycst.com

*Attorneys for Plaintiffs*

October 29, 2019

Dear Judge Noreika:

Plaintiffs (collectively, "Waters") submit this letter in response to Defendant Agilent's motion for leave to file an early summary judgment motion (D.I. 124).

Agilent's request to jump the line and brief its summary judgment motion prior to claim construction and expert discovery should be denied because it will waste the Court's resources and lead to inefficient management of the case.

## I. THE SCHEDULING ORDER SETS FORTH A STEP-BY-STEP PROCESS THAT SHOULD BE FOLLOWED.

Delaware relies on specific Scheduling Orders as case management tools. That claim construction precedes expert discovery, both of which precede summary judgment motions, is intentional. "The purpose of a scheduling order is to provide concrete deadlines on which the parties can rely in planning their respective litigation strategies." *Neology, Inc. v. Fed. Signal Corp.*, C.A. No. 11-672-LPS-MPT, 2012 WL 4342070, at *2 (D. Del. Sept. 21, 2012) (denying leave to file early motion for partial summary judgment) (footnote omitted) (internal quotation marks omitted).

Generally in Delaware, early motions for summary judgment are disfavored because they deviate from the Scheduling Order set in each case. This Court has repeatedly denied leave for early summary judgment motions where such motions would require departing from the Scheduling Order, and thus do not conserve the Court's resources. *See Allergan, Inc. v. Taro Pharm. Indus. Ltd.*, C.A. No. 17-663-VAC-SRF, 2017 WL 6273344, at *1 (D. Del. Nov. 28, 2017) (denying defendants' request for early summary judgment because the issues "are more properly resolved following the completion of discovery and claim construction"); *Walker Digital, LLC v. LinkedIn Corp.*, C.A. No. 11-318-LPS, D.I. 222 (Mar. 25, 2013) (denying defendants' motion for leave to file an early summary judgment motion because it would not "promote judicial economy"); *Voith Paper GMBH & Co. KG v. Johnsonfoils, Inc.*, C.A. No. 07-226-JJF, 2008 WL 874311, at *2 (D. Del. Mar. 31, 2008) (denying leave to file an early summary judgment motion as premature).

Here, the parties have concluded claim construction briefing, with the hearing scheduled for November 4, 2019. Expert discovery is set to close in the spring of 2020 and dispositive motions are currently scheduled for June of 2020. These deadlines are not that far off, and certainly do not warrant upending the current Scheduling Order to allow for a motion that raises alleged obviousness and anticipation, issues for which claim construction and expert discovery are particularly critical. Moreover, the same is true for the infringement motion for summary judgment that Waters will file in this case, and this is the reason Waters is abiding by the Court's Scheduling Order. Agilent on the other hand, is requesting to leap over two phases — claim construction and expert discovery — that are necessary to brief the issues that Agilent thinks should dispose of this case.

Granting Agilent's motion for leave would first require the parties to prepare expert declarations and depose experts in conjunction with an early summary judgment motion. While this process plays out and the Court considers the motion, the current case schedule would need to proceed as

is regarding the other issues in the case, *e.g.*, infringement, damages and validity.  Thus, the parties and Court would need to engage in a second, piecemeal, phase of expert discovery and a second, piecemeal, phase of summary judgment pursuant to the Scheduling Order.  There is no reason to deviate from the typical Delaware rules here, especially where there is no urgency.

## II.  AN OBVIOUSNESS-TYPE DOUBLE PATENTING ANALYSIS REQUIRES CLAIM CONSTRUCTION AND EXPERT DISCOVERY.

Agilent's obviousness-type double patenting defense is not the typical case, where a patentee has multiple patents claiming overlapping subject matter that expire on different days, thus granting the patentee an extended life on its monopoly.  Rather, here, the '234 patent, and the two related patents on which Agilent rely expire on the same day.  Agilent fails to acknowledge that the "primary ill avoided by enforcement of the double patenting doctrine" — preventing an unjustified extension of time for the right to exclude — does not apply here.  *Gilead Scis., Inc. v. Natco Pharma Ltd.*, 753 F.3d 1208, 1215 (Fed. Cir. 2014); *see also AbbVie Inc. v. Mathilda & Terence Kennedy Inst. of Rheumatology Trust*, 764 F.3d 1366, 1374 (Fed. Cir. 2014) ("We now make explicit what was implicit in *Gilead*: the doctrine of obviousness-type double patenting continues to apply where two patents that claim the same invention have *different expiration dates*.") (emphasis added).  Based on this alone, Agilent's obviousness-type double patenting defense is unlikely to prevail.

But putting this aside, the manner in which both parties substantively address this defense depends on how the claims are construed, and once that is done, the opinions of experts.  Because of this, going straight to summary judgment on this single issue now is not appropriate, and does not provide a basis for deviating from the Court's Scheduling Order.

Thus, for the foregoing reasons, Agilent's request should be denied.

Respectfully submitted,

*/s/ Karen L. Pascale*

Karen L. Pascale (#2903)

cc:  Counsel of Record (by email)